**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SIMON ENRIQUE PEROZO AREVALO,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1450-G** |
| **WARDEN DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Simon Enrique Perozo Arevalo, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. Petitioner also filed an Emergency Motion for Immediate Release. Doc. 2.

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

hearing within that time. The undersigned further recommends the Court deny as moot Petitioner's remaining motion, Doc. 2.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States on or about October 21, 2022, without inspection or admission near El Paso, Texas, and was taken into immigration custody. Doc. 9-1 at 1 (Notice to Appear); Doc. 9-2 at 2 (Form I-213). On October 24, 2022, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 9-1 at 1. The same day, Petitioner was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226. Doc. 9-2 at 5-6. Petitioner states he has received Temporary Protected Status and has submitted a family asylum claim, which remains pending. Pet. at 7.

On December 8, 2025, ICE re-detained Petitioner when he was present at its Dallas Field Office.[2] Doc. 9-3 at 2 (ICE Encounter Summary). Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Resp. at 9. Petitioner requested a bond hearing, and the Immigration Judge ("IJ") denied Petitioner's request for a bond

---

[2] Respondents alternatively state "Petitioner was detained following his arrest during a traffic stop in Oklahoma" in April 2026. Resp. 9. This appears to be an inadvertent assertion, as no evidence has been provided regarding a traffic stop or any interaction between ICE and Petitioner in April 2026 which led to new detention. Had Petitioner's detention followed a traffic stop, instead of following a December 2025 encounter at ICE's Dallas Field Office, the undersigned's analysis would be the same.

determination based on "lack of jurisdiction" on April 14, 2026. Doc. 9-4 at 1 (Order of IJ). This result is because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

On June 10, 2026, an IJ ordered Petitioner removed. Doc. 9-5 at 1 (Order of IJ); Doc. 9-6 at 1 (Warrant of Removal/Deportation). However, on June 22, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is currently pending. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Aug. 21, 2026). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 2. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last accessed Aug. 21, 2026).

## II. Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Prolonged Detention**. Petitioner alleges his continued detention is "excessive and unnecessary" because his "immigration case remains pending." Pet. at 7.
- **Count II: Pending Immigration Relief.** Petitioner alleges his continued detention is unlawful because he has "Temporary Protected Status (TPS) and a pending family asylum case before the Immigration Court." *Id.*
- **Count III: No Danger or Flight Risk**. Petitioner alleges his continued detention is unlawful because it was not based on "any

violent or criminal conduct" and he has family ties within the United States, including a spouse and child. *Id.*

- **Count IV: Severe Hardship and Health Concerns**. Petitioner alleges his continued detention has negatively affected his health and general wellbeing. *Id.* at 8.

The undersigned construes these claims as asserting violations of due process under the Fifth Amendment to the United States Constitution and of the Immigration and Nationality Act ("INA")—i.e., that continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to noncitizens, like him, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings. Reply at 1. Respondents understood Petitioner's claims similarly and have addressed these issues. Resp. at 7-10. Petitioner asks the Court to order his "immediate release from detention." Pet. at 8.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been

admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Respondents maintain Petitioner is properly detained under § 1225(b)(2). Resp. at 3. The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *3 (W.D. Okla. July 30, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See He v. Blanche*, No. CIV-26-1435-G, 2026 WL 2296120, at *2 (W.D. Okla.

Aug. 10, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release from detention." Pet. at 8. However, the undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Munoz*, 2026 WL 2200433, at *3 (concluding because § 1226(a) governs petitioner's detention, "he is

---

[3] This conclusion is also in accord with persuasive authority in the First, Second, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026 WL 2196424, at *26 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

entitled to a bond hearing"). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g., Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026) (declining to address a petitioner's burden-shifting claim). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[4]

Petitioner also seeks "return of [his] passport, driver's license, work permit, and [additional] personal documents," as well as for any release to be "without GPS monitoring," due to his employment obligations. *Id.* The undersigned recommends the Court decline to address such requests for additional injunctive relief because they are premature. *See Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (indicating a claim is not ripe for adjudication when it depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all" (citation modified)).

---

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

There is no evidence currently before the Court indicating, if Petitioner is released pursuant to a bond, he will not have his passport and other items returned to him or will be subject to GPS monitoring.

### C. The Court should decline to address Petitioner's remaining claims.

Petitioner also argues his prolonged and continued detention without a bond hearing violates his rights to due process and impacts his health. Pet. at 7-8. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's remaining claims based on his continued detention. *See, e.g.*, *He*, 2026 WL 2296120, at *2 (declining to decide a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)).

## V. Petitioner's Motion

On June 16, 2026, Petitioner filed an Emergency Motion for Immediate Release, Doc. 2. If the Court grants a bond hearing to Petitioner, the undersigned recommends the Court deny as moot Petitioner's remaining motion for the reasons included above.

## VI. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends the Court **DENY as moot** Petitioner's Emergency Motion for Immediate Release, Doc. 2.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **August 28, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 2, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 21st day of August, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE